**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF
IOWA CENTRAL DIVISION**

| | |
|---|---|
| TALMADGE N. KEOWN,<br><br>PLAINTIFF,<br><br>vs.<br><br>THE CBE GROUP, INC.<br><br>DEFENDANT. | **Civil Action No.**<br><br>**COMPLAINT and DEMAND FOR JURY TRIAL** |

COMES NOW the Plaintiff, Talmadge N. Keown, ("Plaintiff" or "Keown") by and through his attorney, L. Ashley Zubal, and for his Complaint against the Defendant, The CBE Group, Inc. (hereinafter "Defendant" or "CBE"), states as follows:

## I.   INTRODUCTION

1. This is an action for damages brought by an individual consumer for the Defendant's violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, et seq, (hereinafter "FDCPA") and the Iowa Debt Collection Practices Act, § 537.7103, et seq, (hereinafter "IDCPA") which prohibit debt collectors from engaging in abusive, deceptive, and unfair collection practices.

## II.   JURISDICTION AND VENUE

2. Jurisdiction of this Court arises under 15 U.S.C. § 1692k(d), 28 U.S.C. § 1331, and supplemental jurisdiction exists for the state law claims pursuant to 28

1

U.S.C. § 1367. Venue in this District is proper in that the Defendants transact business in Iowa and the conduct complained of occurred here.

### III. PARTIES

3. Plaintiff, Talmadge, is a natural person residing in Polk County, Iowa.

4. Defendant, CBE, is a business principally located in Iowa who is engaged in the collection of debts owed to another in the State of Iowa.

5. Plaintiff is a "consumer" as that term is defined by 15 U.S.C. § 1692a(3). Plaintiff is a "debtor" as that term is defined by Iowa Code § 537.7102(6).

6. The Defendant, CBE, is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6) and Iowa Code § 537.7102(5).

### IV. FACTUAL ALLEGATIONS

7. On or about May 22, 2013, the Plaintiff incurred a debt to Broadlawns Medical Center.

8. At some point in time Broadlawns Medical Center assigned, or otherwise transferred the Plaintiff's account to the Defendant for collection.

9. At some point in time CBE began collecting on said debt. Collection efforts included sending billing correspondence to the Plaintiff and placing collection calls to the Plaintiff's cell phone.

10. On August 28, 2013, Keown filed a Bankruptcy Petition pursuant to Chapter 7 of the Bankruptcy Code (United States Code Title 11) in the Bankruptcy Court for

the Southern District of Iowa. Said bankruptcy case was assigned case number 13-02457.

11. The Plaintiff listed Broadlawns Medical Center and The CBE Group as unsecured non-priority creditors on Schedule F of his Bankruptcy Petition.

12. The Bankruptcy Noticing Center provided the Defendant notice of the Chapter 7 bankruptcy filing on August 31, 2013, via first class mail to the following addresses: 1309 Technology Parkway, Cedar Falls, IA 50613 and 131 Tower Park Drive, Waterloo, IA 50704. Said notice instructed the Defendant that collection actions were prohibited and provided the Defendant with the name, address, and telephone number of the Debtor's attorney.

13. The Plaintiff received a Bankruptcy Discharge on or about November 27, 2013. Any debts owed to Broadlawns Medical Center which were incurred prior to the date of filing on August 31 and for which CBE were collecting, were included and discharged in said bankruptcy.

14. The Bankruptcy Noticing Center provided the Defendant notice of the Chapter 7 bankruptcy discharge on November 29, 2013, via first class mail to the following addresses: 1309 Technology Parkway, Cedar Falls, IA 50613 and 131 Tower Park Drive, Waterloo, IA 50704. Said notice instructed the Defendant that collection actions were prohibited and provided the Defendant with the name, address, and telephone number of the Debtor's attorney.

15. Subsequent to receiving his bankruptcy discharge, the Plaintiff continued receiving billing correspondence and collection calls from the Defendant with regard to the Broadlawns Medical Center debt incurred on May 22, 2013.

16. The Plaintiff received a collection call from a representative of the Defendant during the first week of December, 2013. The representative stated they were calling with regard to a debt owed to Broadlawns Medical Center, specifically services incurred on May 22, 2013. The Plaintiff advised the representative that he had filed for Chapter 7 bankruptcy and included said debt in his bankruptcy. The represented indicated the Defendant would investigate the matter further and ended the call.

17. The Plaintiff continued to receive collection calls from the Defendant on the following dates and times: December 17, 2013 at 8:57 am, 2:49 pm and 2:58 pm; December 18, 2013 at 8:53 am, 1:34 pm and 5:14 pm; and December 19, 2013 at 8:28 am.

18. On December 19, 2013, at 2:31 pm, the Plaintiff returned the Defendant's call and spoke with a female representative. The Plaintiff asked the representative what debt the Defendant was attempting to collect. The representative advised the Defendant was attempting to collect $129.78 for charges incurred to Broadlawns Medical Center on May 22, 2013. The Plaintiff again indicated the debt had been included in bankruptcy, that he no longer owed the debt and the Defendant must cease calling him.

19. The Plaintiff again received a collection call on December 23, 2013. The Plaintiff's spouse, Sara Keown, called the Defendant back. Sara stated she was calling on behalf of her husband to find out what debt they were calling in regard to. The representative stated the Defendant was placing calls regarding file #1019468360 for a total amount of $140.38. Sara asked if the debt the Defendant was attempting to collect was for services incurred in May, 2013. The

4

representative confirmed the collection was for May, 2013 services and also for September, 2013 services. Sara advised that the debt incurred in May, 2013 was included in bankruptcy. She stated that this information had been provided to the Defendant on several occasions, and the continued calls would be reported to her attorney.

20. The Plaintiff again received a collection call from the Defendant on January 11, 2014. The Plaintiff handed the phone to his spouse, Sara Keown. Sara asked the representative for what services they were collecting. The representative stated they were calling about May, 2013 and September, 2013 services for a total of $140.38. Sara again advised that the May, 2013 services were included in bankruptcy and further advised the representative that she believed they were in violation on bankruptcy law for continuing to attempt to collect on a discharged debt.

21. The Plaintiff has continued to receive collection calls from the Defendant subsequent to advising the Defendant of the bankruptcy and subsequent to the Defendant receiving the Plaintiff's attorney information.

22. As a result of the Defendant's representative's continued collection calls, the Plaintiff has suffered from emotional distress including but not limited to: embarrassment, humiliation, anxiety, nervousness, confusion, frustration, anger, loss of concentration at work, sense of helplessness, and fear.

**COUNT I.**
**VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT**
**15 U.S.C. § 1692 et seq.**

23. The Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

24. The Defendant and its agents, through the foregoing intentional and negligent acts and omissions, violated numerous and multiple provisions of the FDCPA including, but not limited to, the following provisions of the FDCPA, 15 U.S.C. § 1692 et seq.

    a. 1692c(a)(2) by attempting to collect a debt when the debt collector knows the Plaintiff is represented by an attorney with respect to such debt and has knowledge of, or can readily ascertain, such attorney's name and address;

    b. 1692d(5) by causing a telephone to ring or engaging a person in telephone conversation repeatedly or continuously or at time known to be inconvenient, with intent to annoy, harass or threaten a person;

    c. 1692e(2)(A) through the false representation of the character, amount, or legal status of any debt;

    d. 1692f by using unfair or unconscionable means to collect or attempt to collect any debt; and

    e. 1692f(1) by continuing to attempt to collect on any amount unless such amount is expressly authorized by the agreement creating the debt or permitted by law.

25. As a result of each and every Defendant's violations of the FDCPA, Plaintiff is entitled to actual damages pursuant to 15 U.S.C. § 1692k(a)(1); statutory damages in an amount up to $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A);

and, reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1692k(a)(3) from the Defendant herein.

**WHEREFORE,** Plaintiff prays that judgment be entered against the Defendant as follows:

1. For an award of actual damages pursuant to 15 U.S.C. § 1692k(a)(1) against the Defendant and for Plaintiff;

2. For an award of statutory damages of $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A) against the Defendant and for Plaintiff;

3. For an award of costs of litigation and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k(a)(3) against the Defendant and for Plaintiff; and

4. For such other and further relief as may be just and proper.

**COUNT II.**
**VIOLATIONS OF THE IOWA DEBT COLLECTION PRACTICES ACT**
**Iowa Code § 537.7103 et seq.**

26. The Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

27. The Defendant and its agents, through the foregoing intentional and negligent acts and omissions, violated numerous and multiple provisions of the IDCPA including, but not limited to, the following provisions of the IDCPA, Iowa Code § 537.7103 et seq.

   a. 537.7103(1)(f) through an action or threat to take an action prohibited by this chapter or any other law;

    b. 537.7103(2)(b) by causing a telephone to ring or engaging a person in telephone conversation repeatedly or continuously or at time known to be inconvenient, with intent to annoy, harass or threaten a person;

    c. 537.7103(4)(e) through the false representation of the character, amount, or legal status of any debt; and

    d. 537.7103(5)(e) by communicating with a debtor when the debt collector knows or that the debtor is represented by an attorney and the attorney's name and address are known, or could be easily ascertained.

28. As a result of each and every one of the Defendant's violations of the IDCPA, the Plaintiff is entitled to actual damages pursuant to § 537.5201(1)(y); statutory damages in an amount up to $1,000.00 pursuant to § 537.5201(1)(y); and reasonable attorney's fees and costs pursuant to § 537.5201(8) from the Defendant herein.

    **WHEREFORE,** Plaintiff prays that judgment be entered against the Defendant as follows:

1. For an award of actual damages pursuant to § 537.5201(1)(y) against the Defendant and for Plaintiff;

2. For an award of statutory damages of $1,000.00 pursuant to § 537.5201(1)(y) against the Defendant and for Plaintiff;

3. For an award of costs of litigation and reasonable attorney's fees pursuant to § 537.5201(8) against the Defendant and for Plaintiff; and

4. For such other and further relief as may be just and proper.

**WHEREFORE,** the Plaintiff prays for judgment against Defendant in an amount representing full and fair compensation for the injuries and damages as set forth above, for such attorneys' fees, interest, and costs as allowed by law, and for such other relied as may be just under the circumstances.

## V.   JURY DEMAND

The Plaintiff respectfully requests a trial by jury.

Respectfully submitted,

  /s/ L. Ashley Zubal
L. Ashley Zubal IS9998256
Marks Law Firm, P.C.
4225 University Avenue
Des Moines, IA 50311
(515) 276-7211
(515) 276-6280
ATTORNEY FOR PLAINTIFF